FILED '08 NOV 24 14:35 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD P. ARMSTRONG,

        Plaintiff,        Civil No. 07-1485-TC

    v.                          FINDINGS AND
                                  RECOMMENDATION
MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

COFFIN, Magistrate Judge:

    Plaintiff brings this action for judicial review of a decision by the Commissioner of Social Security to deny plaintiff's application for benefits under the Social Security Act.

    Plaintiff has filed medical documents in this action indicating that he has severe bilateral hip osteoarthritis that will eventually require hip replacement surgery and that plaintiff suffers depression as a result of his physical ailments. Answering a question of how often plaintiff's experience of symptoms are severe enough to interfere with attention and concentration, Brandi Mendonca, M.D.,

checked the box for "often" and bypassed the boxes of "never," "seldom," "frequently," and "very frequently."

Presently before the court is defendant's motion (#16) to dismiss for lack of subject matter jurisdiction as plaintiff did not exhaust his administrative remedies. For the reasons discussed below, this action should be dismissed.

## Background

Plaintiff did not exhaust his administrative remedies because he did not complete the administrative review process, which includes an ALJ hearing. Plaintiff obtained initial and reconsideration determinations from the Commissioner, but his request for an ALJ hearing was untimely. The ALJ applied Agency regulations and considered plaintiff's untimely hearing request and the reasons for the untimeliness, but denied the request after finding that good cause for missing the deadline was not present. Exh 3 to Vargas Declaration (#18). Plaintiff had stated in his request for a hearing that he was filing late because his former attorney advised him to "let my claim expire so they could start fresh." Exh 1 to Vargas Declaration (#18).

## Legal Background

The dismissal of a request for a hearing is binding, unless it is vacated by an administrative law judge or the Appeals Council. 20 C.F.R. §404.959. Denying the request to extend the time period for requesting review of a determination is generally not a final decision subject to judicial review unless a claimant asserts a

2 - FINDINGS AND RECOMMENDATION

colorable constitutional claim.  See 20 C.F.R. § 404.903 (j); Subia v. Commissioner of Social Security, 264 F.3d 899, 902-903 (9th Cir 2001).[1]

## Discussion

Plaintiff did not exhaust his administrative remedies because he did not complete the administrative review process, which includes an ALJ hearing.  Unlike some situations, plaintiff's failure to have a hearing did not come about as a result of plaintiff showing up at a scheduled hearing and having a request for a continuance denied. Plaintiff did not have a hearing because his request for one was untimely.  The ALJ applied Agency regulations and considered plaintiff's untimely hearing request and the reasons for the untimeliness, but denied the request after finding that good cause for missing the deadline was not present.

Plaintiff has not raised the required colorable constitutional claim warranting judicial review of an otherwise non-reviewable administrative decision.  Plaintiff cites cases holding that insufficient Agency notices, or notices to unrepresented, mentally impaired claimants, raise colorable due process concerns.  However,

---

[1]Plaintiff's nonconstitutional arguments addressing the merits of the ALJ's determination are not persuasive as the ALJ decision is generally not subject to judicial review unless a constitutional claim is asserted.  Even if this court could consider the nonconstitutional arguments, they are not persuasive as the ALJ appears to have applied the appropriate regulations and noted that plaintiff's ability to seek legal advice and follow it showed he had sufficient mental capacity to understand the need to file on time, but chose not to per the advice of his legal counsel. P.p. 3-4 of Exh 3 to Vargas Declaration(#18).

3 - FINDINGS AND RECOMMENDATION

an attorney represented plaintiff during the administrative process, and plaintiff does not allege lack of notice. Plaintiff's current counsel instead argues that plaintiff's mental impairment precluded him from comprehending his previous counsel's allegedly erroneous advice. The ALJ actually commented on plaintiff's ability to understand. See footnote 1 hereto. More importantly, plaintiff cites no authority for the proposition that the Commissioner denies due process to claimants if the Commissioner declines to second guess their reliance on counsel and courts have rejected ineffective assistance of counsel arguments in Social Security cases. Brandyburg v. Sullivan, 959 F.2d 555, 562 (5th Cir. 1992); Smith v. Sec'y of Health, Educ. & Welfare, 587 F.2d 857, 860 (7th Cir. 1978). Plaintiff was afforded due process.

Plaintiff also seeks waiver of the exhaustion requirement. However, such a waiver requires that the claim be collateral to a substantive claim of entitlement to benefits. Kildare v. Saenz, 325 F.3d 1078, 1082 and 1083, (9th Cir. 2003). Plaintiff's claim in the matter presently before the court goes to the individual application of regulations by the ALJ, and, ultimately, to the determination of plaintiff's benefits. Plaintiff's claim in the matter presently before the court does not challenge an Agency policy that would rise or fall on its own. For the forgoing reasons, a waiver of the exhaustion requirement is not appropriate as plaintiff's claim is not collateral to a substantive claim of entitlement to benefits. See Id.

4 - FINDINGS AND RECOMMENDATION

## Conclusion

Defendant's motion(#16) to dismiss for lack of subject matter jurisdiction should be allowed and this action should be dismissed.

.

DATED this ___24___ day of November, 2008.

_____
THOMAS M. COFFIN
United States Magistrate Judge

5 - FINDINGS AND RECOMMENDATION